IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN HUGHES, IMOGEN OLIVER, and VIRGINIA SHERWOOD, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 15-cv-5546 |
| SCARLETT'S G.P., INC. d/b/a PINK MONKEY, CLINTON ENTERTAINMENT MANAGEMENT, LLC d/b/a PINK MONKEY, NEW YORK STRIP d/b/a PINK MONKEY, SCARLETT'S L.P. and MARK VAJDIK, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is Defendants' motion to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (R.29, R.31). For the reasons set forth below, the Court grants both motions and dismisses this case with prejudice.

## PROCEDURAL HISTORY

Plaintiffs Kathleen Hughes, Imogen Oliver, and Virginia Sherwood are former exotic dancers at the Pink Monkey, an adult entertainment business allegedly owned and operated by Defendants. Plaintiffs claim that Defendants misclassified them as independent contractors instead of employees, failed to pay them minimum wage or overtime pay, and unlawfully confiscated their tips. (R.26, Am. Compl. ¶ 4).

On February 5, 2016, the Court issued a Memorandum Opinion and Order (the "Order") on Defendants' motion to dismiss the Complaint. (R.24). The Order dismissed without

prejudice Plaintiffs' claims alleging minimum and overtime wage violations of the Fair Labor Standards Act ("FLSA") (Count I), the Illinois Minimum Wage Law ("IMWL") (Count II), the Illinois Wage Payment and Collection Act ("IWPCA") (Count III), the Racketeer Influence and Corruption Act (Count IV), and, as to Plaintiff Virginia Sherwood, retaliatory discharge under the FLSA and the IWPCA (Count V). The Court dismissed with prejudice Plaintiffs' tip recovery claim under the FLSA, as well as Plaintiff Sherwood's claim for retaliatory discharge under the IMWL. (*Id.*).

On March 8, 2016, Plaintiffs filed an Amended Complaint alleging minimum and overtime wage violations under the FLSA, IMWL, and IWPCA, and—as to Plaintiff Sherwood—retaliatory discharge under the IWPCA. (R.26). On April 15, 2016, Defendants Clinton Entertainment Management, LLC and Scarlett's L.P. moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (R.29). Defendants Scarlett's G.P., Inc. and Mark Vajdik joined that motion and made additional arguments in favor of dismissal. (R.31).[1] The Court now considers both motions. The Court presumes familiarity with the background of this action—as set forth in detail in the Order—and does not recite it here.[2]

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Under federal pleading standards, a "complaint must contain sufficient factual matter, accepted as true,

---

[1] Plaintiffs voluntarily dismissed their claims against named Defendant New York Strip without prejudice. (R.26, Am. Compl. at ¶ 5 n.1).

[2] Capitalized terms not otherwise defined herein shall have the meaning as set forth in the Order.

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he court must review the complaint to determine whether it contains enough fact to raise a reasonable expectation that discovery will reveal evidence to support liability for the wrongdoing alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (citation omitted). A complaint will not survive a motion to dismiss, however, "simply because the defendants managed to figure out the basic factual or legal grounds for the claims." *Id*. In reviewing a complaint, the Court must accept all "factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor." *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). "[L]egal conclusions and conclusory allegations merely reciting the elements of the claim," however, "are not entitled to this presumption" of truth. *Id.*

## ANALYSIS

**I.     FLSA and IMWL Claims (Counts I and II)**

In the Order, the Court dismissed Plaintiffs' minimum and overtime wage claims under the FLSA and the IMWL, in part, because Plaintiffs failed to offer "sufficient factual matter to state a claim for relief that is facially plausible" as to either claim category. (R.24, Order at 8). The Court dismissed these FLSA and IMWL claims without prejudice, noting that "the pleading defects as to unpaid wages and overtime compensation may be curable." (*Id.* at 13). Plaintiffs have failed, however, to cure these defects.

The Amended Complaint alleges that "there were times when Plaintiffs worked a slow shift and earned less than minimum wage, [were] not paid anything at all, or even owed money to the Club for having worked" and that "Plaintiffs will need discovery to ascertain how many times they worked without pay, or netted less than minimum wage." (R.26, Am. Compl. at p.8,

3

¶¶ 23-24). With respect to overtime pay, Plaintiffs recycle their former allegations: "At such times as Plaintiffs worked more than forty hours in a week (and each did), they were not paid time and a half. Defendants are legally mandated to keep a record of the hours Plaintiffs worked and Plaintiffs will need discovery to determine how often they were not paid overtime." (*Compare* R.1, Compl. ¶ 58 *with* R.26, Am. Compl. ¶ 58).

As the Court previously recognized, other courts in this District have dismissed complaints which merely recite the elements of an FLSA claim with supporting factual detail. *See Silver v. Townstone Fin., Inc.*, No. 14-CV-1938, 2015 WL 1259507 (N.D. Ill. Mar. 17, 2015); *Kwan Bom Cho v. GCR Corp.*, No. 12 C 4562, 2013 WL 675066 (N.D. Ill. Feb. 22, 2013); *Robertson v. Steamgard*, No. 11 C 8571, 2012 WL 1232090 (N.D. Ill. Apr. 12, 2012); *Butler v. E. Lake Mgmt. Grp., Inc.*, No. 10-CV-6652, 2012 WL 2115518 (N.D. Ill. June 11, 2012); *Wilson v. Pioneer Concepts, Inc.*, No. 11-CV-2353, 2011 WL 3950892 (N.D. Ill. Sept. 1, 2011). While the law does not require an FLSA plaintiff "to plead infinitesimal details[,]" *see Brown v. Club Assist Rd. Serv.*, No. 12 CV 5710, 2013 WL 5304100, at *6 (N.D. Ill. Sept. 19, 2013), federal pleading standards require plaintiffs to "provid[e] some specific facts to ground those legal claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

With respect to minimum wages, Plaintiffs argue that their due wages, "by law, are per hour, not averaged out over the good times." (R.34, Response Br. at 6). Plaintiffs cite no authority for this proposition. To the contrary, while the minimum wage provision of the FLSA sets forth hourly rates, *see* 29 U.S.C. § 206(a)(1), courts generally construe FLSA and IMWL wage claims to apply to the work-week unit. As another court in this District recently observed:

> In determining whether an employer has violated the minimum wage provision of the FLSA, courts uniformly calculate the hourly wage over the course of a workweek—*i.e.*, dividing the total compensation an employee received in a workweek by the compensable hours worked. Although the Seventh Circuit has not expressly addressed this issue, every

4

>circuit court that has considered the issue has utilized the workweek averaging approach to determine whether a FLSA violation occurred.

*Hirst v. Skywest, Inc.*, No. 15 C 02036, 2016 WL 2986978, at *5 (N.D. Ill. May 24, 2016) (collecting cases and regulations) (Tharp, J.); *see also Nicholson v. UTi Worldwide, Inc.*, No. 309CV722JPG-DGW, 2010 WL 551551, at *4 (S.D. Ill. Feb. 12, 2010) (noting the same with respect to the IMWL). "To state a FLSA claim under the workweek averaging approach, then, the plaintiffs must plausibly allege at least one workweek for which the compensation they received, divided by their total compensable time, failed to meet the FLSA minimum [hourly] wage." *Hirst*, 2016 WL 2986978 at *6. The *Hirst* plaintiffs failed to meet this standard insofar as they failed to include any allegations concerning their "hourly wages or any examples of the total compensation they received for any workweek" or concerning "the number of hours worked in any given week." *Id.*

The same is true here. While the Court accepts as true that "there were times when Plaintiffs worked a slow shift," (R.26, Am. Compl. at p.8, ¶ 23), this allegation does not a state a plausible claim for unpaid wages under the FLSA. The FLSA does not require that employees "be paid an hourly wage for [a] specific hour; [rather . . . ] such an hour must be included in the calculation of the total hours worked in that workweek for minimum wage and overtime determinations." *Hirst*, 2016 WL 2986978 at *6. Here, Plaintiffs offer no workweek allegations raising "a reasonable expectation that discovery will reveal evidence to support liability for the wrongdoing alleged." *Adams*, 742 F.3d at 729; *contra Labriola v. Clinton Entm't Mgmt., LLC*, No. 15 C 4123, 2016 WL 1106862, at *4 (N.D. Ill. Mar. 22, 2016) ("The complaint must allege, at a minimum, the hours worked for which plaintiff seeks unpaid minimum wages, and what wages, if any, were paid. The complaint passes this threshold for both Plaintiffs by including specific factual details, such as the approximate dates Plaintiffs worked at Pink Monkey and the

5

number of hours they worked each week for which they received no wages").[3]  Indeed, Plaintiffs have neither "alleged a single workweek in which they worked at least 40 hours," *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013), nor estimated their "average workweek during the applicable period and the average rate at which [they were] paid . . . or any other facts that will permit the court to find plausibility." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 1845 (2015).  Absent "some factual context that will nudge [Plaintiffs'] claim from conceivable to plausible," *see Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013), Plaintiffs have not met their burden against a Rule 12(b)(6) challenge.  To the contrary, Plaintiffs' own exhibits—attached to the Amended Complaint[4]—suggest that Plaintiffs set their own schedules and—at least with respect to Plaintiff Sherwood—worked only three to four nights a week, "an average of 6.50 hours per night," and received annual compensation of $17,275.  (*See* R.26-1, Exhibit A, Pink Monkey Handbook at 2 ("Scheduling"); Exhibit B, Form 1099 at 1; Exhibit D, Ltr. dated

---

[3]  Here, unlike in *Labriola*—a pending collective action before Judge Pallmeyer—the Amended Complaint contains no "workweek" details – namely, approximate hours per week.  *Contra* 2016 WL 1106862 at *1.  Plaintiffs do allege that they "were paid no wages whatsoever."  (R.26, Am. Compl. ¶ 59).  Courts crediting such allegations by exotic dancers at the pleadings stage, however, do not confront the situation here:  a pleading which attaches both (i) an employee handbook outlining fixed, mandatory, non-discretionary fees paid directly to—and recorded by—the club (more akin, seemingly, to a wage or service charge than a tip), and (ii) an unexplained Form 1099 demonstrating annual compensation payable to one of the named plaintiffs.  *See, e.g.*, *Labriola*, 2016 WL 1106862 at *6 n.3 (noting the existence of the handbook filed in this case and cautioning that "allegations that are inconsistent with Plaintiffs' own understanding of Defendants' pay practices would be in bad faith"); *Wolfe v. SL Mgmt. Servs. LLC*, No. 16-CV-139, 2016 WL 2588170, at *2 (E.D. Wis. May 4, 2016).  (*See generally* R.24, Order at 8-10).

[4]  The Court properly considers exhibits attached to the complaint in ruling on a 12(b)(6) motion to dismiss.  *Adams*, 742 F.3d at 729.  Where those exhibits contradict the complaint allegations, "the exhibits trump the allegations." *Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010).

February 5, 2015 from Plaintiffs' counsel to Defendant Vajdik).[5] Plaintiffs have failed, thus, to state a claim for minimum wage violations under the FLSA and/or the IMWL.

Plaintiffs also have failed to cure their overtime wage claims. Instead of identifying a single instance of any named plaintiff working more than forty hours in a week without due compensation, Plaintiffs generally allege that, "at times . . . each did." (R.26, Am. Compl. ¶ 58). This does not constitute "factual matter" as required by the Order and by federal pleading standards. (R.24, Order at 10-11); *see Dejesus*, 726 F.3d at 89 (allegation that "in some or all weeks" plaintiff "worked more than forty hours a week without being paid 1.5 times her rate of compensation . . . no more than rephras[es] the FLSA's formulation" and thereby fails to satisfy Rule 8); *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (deeming insufficient the generalized allegation that plaintiffs "regularly worked hours over 40 in a week and were not compensated for such time"); *Landers*, 771 F.3d at 646 ("Notably absent from the allegations in Landers's complaint . . . was any detail regarding a given workweek when Landers worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages"). In *Landers*, the mere allegation that plaintiff "was not paid for overtime hours worked" did not cross the line into *Twombly* plausibility. *See id.*; *see also id.* at 642-46 (collecting circuit court decisions applying *Twombly* standards to FLSA claims); *Hirst*, 2016 WL 2986978 at *6; *contra Labriola*, 2016 WL 1106862 at *3 (deeming sufficient the specific allegation that a Pink Monkey dancer "worked approximately 54 hours per week during her first three weeks of work beginning in August 2015, but did not receive any overtime compensation during this period"). Plaintiffs' overtime allegations mirror those deemed insufficient in

---

[5] While Plaintiffs "do not know how or where the amounts (stated on the 1099 forms) are derived," characterizing the amounts as "made up," (R.26, Am. Compl. at p.9 ¶ 24), they do not deny receiving such compensation in connection with their services at the Pink Monkey.

*Dejesus*, *Pruell*, *Landers*, and *Hirst*. The exhibits attached to the Amended Complaint, moreover, call into question the plausibility of Plaintiffs' overtime wage allegations. (*Compare* R.26, Am. Compl. ¶ 58 *with* R.26-1, Exhibit D, at 1-2 (Ms. Sherwood "worked an average of 3 to 4 nights a week . . . and an average of 6.50 hours per night")). Accordingly, Plaintiffs have failed to state a claim for overtime wage violations under the FLSA and/or the IMWL.

To avoid dismissal, Plaintiffs re-plead that they "need discovery to ascertain how many times they worked without pay, or netted less than minimum wage" and "to determine how often they were not paid overtime." (R.26, Am. Compl. at p.8, ¶¶ 24, 58). According to Plaintiffs, Defendants' motion "seeks to shift the burden of keeping employment records from employer to employee." (R.34, Response Br. at 8). Plaintiffs cite no authority, however, holding that an employer's statutory duty to maintain records absolves an FLSA plaintiff from satisfying federal pleading standards in the first instance. To the contrary, the law requires FLSA plaintiffs to draw upon "memory and experience . . . in providing complaints with sufficiently developed factual allegations." *Dejesus*, 726 F.3d at 90. Plaintiffs' reliance on *Tyson Foods, Inc. v. Bouaphakeo*, therefore, is misplaced. In *Tyson*, class action plaintiffs sought to "introduce a representative sample to fill an evidentiary gap created by the employer's failure to keep adequate records." *See* 136 S. Ct. 1036, 1046-47 (2016). *Tyson* does not address pleading standards, and its language regarding "evidentiary gaps" and "burden-shifting" does not apply to the present motions. *See id.* Here, Plaintiffs' deficient pleadings—and the exhibits attached thereto, which further call into question the plausibility of Plaintiffs' allegations—bar their FLSA and IMWL claims. *See Knapp v. City of Markham*, No. 10 C 03450, 2011 WL 3489788, at *8 (N.D. Ill. Aug. 9, 2011) ("Claims brought under the FLSA and IMWL are evaluated using the same general analysis").

Because the Amended Complaint—once again—fails to allege facts to nudge Plaintiffs' FLSA and IMWL wage claims from conceivable to plausible, the Court dismisses Counts I and II with prejudice. Given this disposition, the Court does not reach Defendant Vajdik's arguments concerning his personal liability under the FLSA or the IMWL. (R.31).

## II.     IWPCA Claim (Count III)

In the Order, the Court dismissed—with leave to re-plead—Plaintiffs' wage and overtime claims under the IWPCA. In particular, the Court held that Plaintiffs had failed to "set forth any allegations as to the compensation terms of [their employment] contract, let alone allege that the contract promised the requested relief." (R.24, Order at 14). The Court specifically observed:

> The IWPCA "defines 'wages' narrowly—a wage is 'compensation owed an employee *by an employer pursuant to an employment contract or agreement* between the 2 parties . . ." *Enger v. Chicago Carriage Cab Corp.*, No. 15-1057, 2016 WL 106878, at *2 (7th Cir. Jan. 11, 2016) (citing 820 ILCS 115/2) (emphasis in original). The IWPCA "does not grant any independent right to payment of wages and benefits; instead it only enforces the terms of an existing contract or agreement." *Enger v. Chicago Carriage Cab Co.*, 77 F. Supp. 3d 712, 717 (N.D. Ill. 2014), *aff'd sub nom*, 2016 WL 106878 (Jan. 11, 2016).

*Id.* Here, the Amended Complaint again references a "contract" purporting to classify each dancer as an independent contractor. (R.26, Am. Compl. at p.6, ¶ 24). Once again, however, Plaintiffs "do not plead that the relevant agreement provided for payment of any sort by Defendants." *Enger*, 77 F. Supp. 3d at 717. In fact, Plaintiffs' amended IWPCA count is a verbatim copy of the one the Court previously dismissed. (*Compare* R.1, Compl. at Count III *with* R.26, Am. Compl. at Count III). Plaintiffs' response brief does not even purport to save this claim. Accordingly, the Court dismisses Count III with prejudice.

## III.    Retaliatory Discharge (Count IV)

In Count IV, Plaintiff Sherwood restates her claim for retaliatory discharge – this time, under the IWPCA alone. (R.26, Am. Compl. ¶¶ 122-23). As the Court previously made clear,

9

however, unlawful retaliation under the IWPCA occurs only "when an employer discharges or otherwise discriminates against an employee for complaining 'that he or she has not been paid in accordance with the provisions of this Act.'" (R.24, Order at 16 (citing 820 ILCS 115/14(c)). Once again, Ms. Sherwood does not allege retaliation on the basis of any request for wages under the IWPCA. Nor has she alleged that the Pink Monkey failed to pay her "in accordance with the provisions of [the IWPCA]." Rather than allege the details of any contract or agreement with the Pink Monkey, Ms. Sherwood claims that her "retroactive firing" resulted from her demand "that she be paid a minimum wage and be treated as an employee, rather than an independent contractor." (R.26, Am. Compl. ¶ 120). As the Court previously observed, this is not the type of alleged retaliation with which the IWPCA is concerned.[6] Here, again, Ms. Sherwood ignores that the IWPCA applies only with respect to compensation owed "pursuant to an employment contract or agreement[.]" *Enger*, 812 F.3d at 568 (citing 820 ILCS 115/2).

Plaintiff Sherwood's amended claim for retaliatory discharge, therefore, fails. *See Barker v. Atl. Pac. Lines*, No. 13 C 1272, 2013 WL 4401382, at *9 (N.D. Ill. Aug. 14, 2013) ("Accordingly because [plaintiff] did not allege retaliation in violation of his request for compensation under the IWPCA, he cannot maintain a claim for IWPCA retaliation"); *Reid v. Neighborhood Assistance Corp. of Am.*, No. 11 C 8683, 2013 WL 1087557, at *9 (N.D. Ill. Mar. 14, 2013), *aff'd*, 749 F.3d 581 (7th Cir. 2014) (dismissing IWPCA retaliatory discharge claim

---

[6] Even construing Ms. Sherwood's amended retaliatory discharge claim as arising under the FLSA, moreover, the Court reiterates its previous holding – that "there is no 'discharge' (or otherwise discriminatory conduct) evidenced under these facts to sustain a retaliation claim under FLSA Section 215." (R.24, Order at 17-19). Despite the opportunity to amend, Ms. Sherwood added no allegations—and has identified no authority—"to support her theory that an employee (or an independent contractor) has the right to return to a job she voluntarily left following the advice of counsel." (*Id.*).

where plaintiffs failed to demonstrate that the employer owed the complained-of overtime pay "pursuant to a contract or agreement"). The Court dismisses Count IV with prejudice.

## CONCLUSION

For the foregoing reasons, the Court grants both motions to dismiss (R.29, R.31) and dismisses this case with prejudice.

**Dated:** August 8, 2016

ENTERED

_____
AMY J. ST. EVE
United States District Court Judge